cision should be reversed. It is therefore the opinion of a majority of the Court that the rule in this case ought to be made absolute.

The statute unquestionably makes it necessary to make the mortgagor a defendant, and suit cannot be brought unless he is made a defendant. The statute provides that notice shall be given, and advertisement left, at least ten days before the date, with the party defendant, if he resides in the county, if not, then, as provided otherwise. That provision of the statute has not been complied with. On careful consideration of the statute we cannot see why he should be ignored. He is made a necessary defendant. The language being a defendant, not specifying any particular defendant, we should have constant trouble in deciding whether a man having a special interest has made the application within the construction contended for. But if the sheriff knows he is a defendant, he knows precisely who he is to serve and there can be no question. It would avoid in that way the difficulty of deciding who should or who should not be served in a notice.

We think therefore that the rule should be made absolute, and the sale set aside.

---

THE PENN MUTUAL LIFE INSURANCE CO. vs. THE WALTON & WHANN COMPANY, Mortgagor, and JAMES P. WINCHESTER & FRANCIS N. BUCK, Receivers.

New Castle County, September Term, 1894.

**Mortgage. Affidavit of Defence.**—In a *scire facias* on a mortgage begun by leave of the Federal Court, against a corporation for which it had appointed re-

ceivers, an affidavit setting up as a defence the legal inability of the corporation to pay an instalment because its assets had been taken out of its possession and control by virtue of the receivership, is insufficient.

This was *scire facias* on a mortgage given by the Walton & Whann Co. to the plaintiff, payable in instalments, one of which was due and unpaid, and with a defaulting clause.

The plaintiff filed an affidavit of demand with an abstract of the mortgage, and a duly verified copy of a decree or order of the Circuit Court of the United States for the District of Delaware, setting forth that the plaintiff, upon its petition, was authorized and permitted to institute suit, in the Superior Court of the State of Delaware, upon this mortgage, and make the said Walton & Whann Company and James P. Winchester and Francis N. Buck, the receivers, parties defendant; and to proceed therein to judgment, execution and sale of the mortgaged premises.

An affidavit of defence was filed, setting forth that " until after the appointment and qualification of the receivers of the said Walton & Whann Company, only one payment became due upon the said mortgage, to wit, semi-annual interest upon the principal sum of forty thousand dollars secured thereby," which " was duly paid." It was further alleged that upon the petition of a creditor, James P. Winchester and Francis N. Buck were appointed receivers and qualified as such, and entered into exclusive possession of all the proper effects, real and personal, of the Walton & Whann Co., on the eighth day of June 1894, and before any further payment on said mortgage was due, which made it legally and actually impossible for the said Walton & Whann Co. to make any payment, and the said receivers were wholly without power or authority to make the payment; that the defendant company possessed ample means to meet the payments falling due and would have fully and duly paid the same if the Circuit Court had not, by its action as above stated, prevented the company from so doing.

The affidavit further set forth that while the Circuit Court had permitted and authorized the plaintiff to institute and prosecute this

suit, there had never been any judicial ascertainment or determination of the amount of money, if any, due and payable upon said mortgage, or of the existence of any right of action thereon. The defendant admitted that the payment of five thousand dollars and interest was due, but insisted that the residue of thirty-five thousand dollars was not due and payable by reason of the non-payment of the instalment of five thousand dollars, under the circumstances and for the reasons stated in the affidavit of defence.

*W. C. Spruance,* for the plaintiff, moved for judgment, notwithstanding the affidavit of defence. He contended that a mortgage was a contract, and that it was not by reason of a forfeiture that the whole amount was due, but by the agreement of the parties. *Ferris vs. Ferris,* 28 Barb. 29 ; *Hale's Receivers vs. Gouverneur,* 4 Edw. Ch. 207 ; *Mowbray vs. Leckie ,* 42 Md. 474.

If it were a forfeiture no court of law could afford relief.

This corporation was not dissolved and the Circuit Court cannot dissolve it. It is an existing corporation and liable to be sued. The Circuit Court expressly recognized the right to sue it by the permission granted.

The plaintiff was not responsible for the insolvency of the defendant company, on account of which the receiver was appointed.

If there is any defence in this case, it is an equitable one, and the statute says it must be a legal defence.

*E. G. Bradford,* for the defendants.

The defence set up may not be a legal defence, but it does not follow that it may not be a complete defence ; *Tallman vs. Whittaker,* 2 Houst. 72. And whenever the Court entertains a doubt, it will let the case go to issue and trial. In this case, however, it would seem, possible to satisfy the Court beyond a doubt. This is a clear case of prevention by law. Here the law steps in and suspends the animation of the defendant company. It makes it impossible for the company to touch a single dollar owned by it. Where the performance is prevented by act of God, the law, or the

Statement.

obligee himself, the obligation is saved. Com. Dig. 92, *Condition* D. 1 ; *id.* 95; 1 Bac. Abr. 434, *Condition* Q. 2 ; *Dougherty vs. Neal,* 1 Wms. Saund. 216 n. 2 ; Leake, Cont, 702, 703, 710, 711 ; *Stevens vs. Vaughn,* 20 Am. Dec. 216 ; *People vs. Manning,* 8 Cow. 296 ; *Badlam vs. Tucker,* 1 Pick. 284 ; *Com vs. Webster,* 1 Bush 616 ; *Belding vs. State,* 25 Ark. 315 ; *Conley vs. Griffin,* 3 Harring. 333 ; *Brown vs. Mayor of London,* 99 E. C. L. 726 ; *Caleb vs. Harmon,* 23 N. Y. 148 ; *Blake vs. Niles,* 13 N. H. 459 ; *People vs. Tubbs,* 37 N. Y. 586 ; *In re James,* 18 Fed. Rep. 853 ; *Wolf vs. Howes,* 24 Barb. 174 ; *Jones vs. Judd,* 4 N. Y. 411 ; *Ball vs. Liney,* 44 Barb. 505 ; *People vs. Globe Mut. Life Ins. Co.,* 91 N. Y. 174.

PER CURIAM.   The motion is granted, and judgment will be entered, in favor of the plaintiff, notwithstanding the affidavit of defence.

———•———

JAMES H. F. GAM *vs.* KATIE CAIN and JOSEPH H. CAIN.

New Castle County, February Term, 1896.

**Lost Record.**—Under special circumstances, a verified copy of a lost inventory and appraisment may be substituted for the original.

This was an application for leave to have a verified copy substituted by the sheriff for a lost inventory and appraisement.

*P. L. Cooper, Jr.,* for the plaintiff, filed an affidavit in the above stated case, made by himself and the plaintiff, stating that the said plaintiff had recovered judgment against the defendant on